CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
OCT 21 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SHIRLEY A. BOYD, | ) | CASE NO. 4:05CV00007 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 9, 2001 claim for disabled insurance benefits, widow's benefits and supplemental security income payments under Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423, and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. For the reasons that follow, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decision, but, for good cause shown, REMANDING the case for further proceedings.

In a decision dated January 29, 2003, which was adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff met the special earnings requirements of the Act on the alleged date of disability onset and continued to meet them through the date of his decision. (R. 18.) He further found that plaintiff suffered severe impairments, although he did not describe in his decision which impairments were considered

severe, and which were not severe. (R. 20, 22.)[1] The Law Judge also found that none of plaintiff's impairments met or equaled the criteria for any listed impairment, but that her impairments prevented her from performing her past heavy exertional work as a tobacco farmer. (R. 22, 24.) Relying almost entirely on the State agency medical reports in the record, the Law Judge concluded that plaintiff retained the residual functional capacity to perform medium work which would not involve lifting more than fifty pounds occasionally and twenty-five pounds frequently. (R. 21, 24.) Further finding that plaintiff suffered no non-exertional limitations on her ability to perform work-related activities, the Law Judge applied the Medical-Vocational Guidelines ("grids") to direct a conclusion that plaintiff was not disabled under the Act. (R. 23, 24.)[2]

While the case was on administrative appeal, counsel for the plaintiff urged the Appeals Council to review the Law Judge's decision which based a finding of "not disabled" exclusively on the grids without VE testimony. (R. 215-216.) In a decision dated December 14, 2004, the Appeals Council denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 6-8.) This appeal ensued.

The only issue in this case is whether the Commissioner fulfilled her burden of showing that there were sufficient jobs in the national economy at plaintiff's residual functional capacity. Plaintiff clearly established a *prima facie* case of disability by demonstrating that she suffers severe impairments which render her unable to perform her past relevant work. The burden then

---

[1] The Law Judge specifically adopted the State agency report and found that plaintiff did not suffer a severe mental impairment. (R. 20, 112.)

[2] A vocational expert (VE) appeared at the hearing and testified solely to the unskilled heavy nature of plaintiff's past relevant work as a tobacco farmer. 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2). (R. 223.)

2

shifted to the Commissioner to demonstrate that jobs were available to plaintiff, given plaintiff's residual functional capacity (RFC). If there was substantial evidence showing that plaintiff suffered any non-exertional limitations, then the Commissioner could discharge her burden only by use of a vocational expert, and not solely by application of the grids. 20 C.F.R. §§ 414.1569 and 416.969, Appendix 2, § 200.00(e); *Hall v. Harris,* 658 F.2d 260 (4th Cir. 1981).

Plaintiff's counsel essentially has adopted his argument before the Appeals Council as the basis for reversal of the Commissioner's final decision. The Commissioner, on the other hand, believes that the medical evidence in the record supports the Law Judge's finding that plaintiff did not suffer any non-exertional mental impairment, in particular, or any other non-exertional limitations, in general, on her ability to perform work-related activities. Def.'s Brief at 9, 13-14. To support her contention, the Commissioner points to both a DDS review report concerning plaintiff's mental status and a report from a DDS examining physician, Leovigil D. Pambid, M.D. (R. 112, 159-162.)

The undersigned's review of the record reveals that the Law Judge acknowledged the results of x-rays taken of plaintiff's spine at the request of the State agency. (R. 20.) These x-rays showed rotoscoliosis, anterolisthesis of L4 and L5, and a vacuum phenomenon of the L4-5 disc. (R. 165.) The State agency evaluating consultant found plaintiff's complaints about the extent of her pain only "partially credible" in view of what the Law Judge believed were mild degenerative changes in her knees and disc space narrowing at L4-5. (R. 20, 181.) It is here that the undersigned has difficulty in discovering substantial evidence in the record to support the Law Judge's findings.

The State agency evaluating consultant relied upon the findings of Dr. Pambid when

3

making his assessment that plaintiff was only "partially credible;" however, Dr. Pambid does not appear to express an opinion about the plaintiff's credibility in his report. (R. 159-162, 181.) Instead, he merely reports that plaintiff suffers "hypertension currently on medication, morbid obesity, chronic low back pain, degenerative osteoarthritis, chronic knee joint pains also probably due to degenerative osteoarthritis that maybe (sic) associated for (sic) her obesity." (R. 161-162.) The Law Judge's observation about credibility is his, not Dr. Pambid's, and, in the undersigned's view, has little relevance to whether non-exertional limitations **exist**, as distinguished from whether they **ultimately impact** her residual functional capacity and the availability of alternate jobs to the plaintiff. It is important to keep in mind that Dr. Pambid is the only State agency consultant who examined the plaintiff, and there is nothing in the report itself which would dispel the non-exertional nature of the limitations produced either by her alleged pain or by her documented obesity.

As such, the undersigned is of the view that the Law Judge's finding that plaintiff suffers no non-exertional limitations on her ability to perform work-related activity, as well as his conclusions about plaintiff's residual functional capacity, are not supported by substantial evidence. Consequently the use of the grids to compel a conclusion that plaintiff was not disabled in lieu of vocational evidence from an expert who was present and presumably able to address the issues at the final level of the sequential evaluation was erroneous.

While the Commissioner's failure to discharge her sequential burden ordinarily would lead to reversal with direction to pay benefits, there is good cause on this record to remand the case for further proceedings. The Law Judge found plaintiff able to perform medium exertional work. Whether plaintiff's non-exertional limitations preclude either that level of work or any level of work below medium remains an open factual question on this record. Accordingly, there

4

is good cause to remand the case for further proceedings at the final level of the sequential evaluation so that the Commissioner may reexamine plaintiff's residual functional capacity and whether, after considering vocational evidence, any jobs are available to her within her functional capacity.

For these reasons, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision denying benefits, but REMANDING the case for further proceedings. The order of remand should direct that, should the Commissioner be unable to grant benefits on the extant record, she is to recommit the case to a Law Judge to conduct supplemental proceedings at the final level of the evaluation in which both sides may present additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

10-21-05
Date